UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03924-MCS-BFM** | Date | July 15, 2026 |
| Title | *Jeysy Melany Cabrera Dubon v. Warden* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 2) AND REFERRAL TO THE OFFICE OF THE FEDERAL PUBLIC DEFENDER**

On May 28, 2026, Magistrate Judge Brianna Fuller Mircheff ordered Respondents Markwayne Mullin, Todd Lyons, Todd Blanche, Ernesto Santacruz, Jr., and Fereti Semaia to provide Petitioner Jeysy Melany Cabrera Dubon "with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a)." Order Granting Habeas Pet. 3, *Cabrera Dubon v. Mullin*, 5:26-cv-02727-BFM, ECF No. 9 (May 28, 2026). Less than a week later, Respondents filed a notice indicating that Petitioner had withdrawn her request for a bond hearing. Status Report, *Cabrera Dubon v. Mullin*, 5:26-cv-02727-BFM, ECF No. 11 (June 3, 2026). Judge Mircheff subsequently entered judgment closing the case. J., *Cabrera Dubon v. Mullin*, 5:26-cv-02727-BFM, ECF No. 12 (June 5, 2026).

Petitioner, now a self-represented litigant, brings this second action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an ex parte application for a temporary restraining order. (Appl., ECF No. 2.)

The application fails to comply with the rules governing Rule 65 motion practice and is denied on that basis. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B) (requiring a

---

movant to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required"); C.D. Cal. R. 65-1 (requiring "a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue" to accompany any application for a temporary restraining order). Additionally, the petition itself is not verified as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (authorizing application of Section 2254 Rules to § 2241 proceedings). The petition and application also lack a hand signature and are subject to being stricken. *See* Fed. R. Civ. P. 11(a); C.D. Cal. R. 5-4.3.4; *Giebelhaus v. Spindrift Yachts*, 938 F.2d 962, 966 (9th Cir. 1991).

Moreover, Section 2 of Central District of California General Order No. 26-05 prescribes an expedited schedule for briefing on the merits of petitions for writs of habeas corpus seeking immigration-related relief. Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a specific showing in a declaration made under penalty of perjury that Petitioner will suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

The application for a temporary restraining order is denied.

Due to the nature of the requested relief, it appears from the record that appointment of counsel may be warranted in the instant action. *See* 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241 . . . ."). However, the Court has insufficient information at the present time to determine whether Petitioner financially qualifies for such appointment under § 3006A(a)(2), as she paid the filing fee. This matter is accordingly referred to the Office of the Federal Public Defender for review. Within seven days of entry of this Order, the Office of the Federal Public Defender shall advise the Court whether it intends to seek appointment in this matter. If the Office of the Federal Public Defender determines that it will seek appointment, it shall assist Petitioner in preparing a financial affidavit which will allow the Court to determine whether Petitioner is financially eligible for such appointment. The Court directs the Clerk to send a copy of this Order and the petition to the Office of the Federal Public Defender.

**IT IS SO ORDERED.**

---